James J. Conroy, J.
The plaintiff, who allegedly purchased from the defendant’s former employer his insurance accounts which included all the names and addresses of the insureds and the expiration dates and other particulars of all policies of insurance then in force, sues the defendant to restrain her from soliciting or canvassing such accounts and for other relief, it being claimed that the defendant without consent of the plaintiff or her former employer has made or caused to be made or taken for her own benefit and advantage a copy of all the records and accounts and a list of all the clients purchased by the plaintiff,
Plaintiff has now moved for an order restraining the defendant ‘ ‘ from soliciting and canvassing the Insureds of the plaintiff, as set forth in the complaint attached hereto, during the pendency of this action.” The defendant has cross-moved to dismiss the complaint for legal insufficiency and, also, that the plaintiff is not the real party in interest.
*526 Assuming the facts pleaded in the complaint to be true, as we must upon a motion challenging legal sufficiency (St. Regis Tribe of Mohawk Indians v. State of New York, 5 N Y 2d 24, 36 ; First Nat. Bank v. International Radiant Corp., 5 A D 2d 1043), the court is of the opinion that the complaint states a cause of action as a matter of pleading. The fact that the defendant made no agreement covenanting not to engage in the insurance business is beside the point upon the theory of the complaint. Notwithstanding the absence of any restrictive covenant or promise to keep secret confidential information acquired in the course of employment, equity can prevent a former employee :rom exploiting confidential information obtained by him in the course of his employment. The duty to refrain from such exploitation arises from the relationship of employer and employee, and the implied promise that the employee will not divulge confidential information gained in the course of his employment. The fact that he has left the employ is immaterial since such duty continues. (Friedman v. Stewarts Credit Corp., 26 N. Y. S. 2d 529, affd. 261 App. Div. 990, motion for leave to appeal denied 262 App. Div. 746 ; see, also, 165 A. L. R. 1454 et seq.) Of course, a former employer is not entitled to enjoin ordinary competition. Rather he is entitled to protect his business against competition by improper and unfair methods. Where the competition is ordinary an injunction which has such an effect has been proscribed as against public policy, even when there is a negative covenant in the employment contract. (See, generally, Rochelle v. Amendola, 11 A D 2d 786.)
While the court has found the complaint good as a matter of pleading, it cannot grant the drastic remedy of a temporary injunction upon the conflicting papers before it since when sharp issues of fact are presented injunctive relief cannot be granted. (Geed v. Braunsdorf, 277 App. Div. 1001.) The plaintiff’s motion is accordingly denied as is also that of the defendant who may answer the complaint within 10 days after the service of a copy of the order to be entered hereon.